UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY B. PRICE, | Case No. C07-1863-RSM-JPD |
| Plaintiff, | |
| v. | |
| KENNETH MUSCATEL, | REPORT AND RECOMMENDATION |
| Defendant. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Tony B. Price is currently incarcerated at the Washington State Corrections Center in Shelton, Washington. Plaintiff is proceeding *pro se* and *in forma pauperis* in an attempt to bring a 42 U.S.C. § 1983 civil rights claim against Dr. Kenneth Muscatel for not forwarding information that plaintiff claims was highly relevant to his sentencing in the underlying criminal case. Specifically, plaintiff alleges that Dr. Muscatel violated his constitutional rights by failing to submit a psychological evaluation to the sentencing court and, as a result, plaintiff was unable to receive a downward departure. Dkt. No. 1-1 at 3. Plaintiff's proposed complaint does not specify a type or amount of relief. After careful consideration of the plaintiff's proposed complaint, the governing law, and the balance of the record, the Court recommends that plaintiff's complaint be DISMISSED without prejudice.

REPORT AND RECOMMENDATION
PAGE – 1

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss an action if, among other things, it is frivolous or if the complaint fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see also WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).  This requires a plaintiff to allege facts showing how the named defendant, as a state actor, caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, plaintiff fails to allege sufficient facts to state a claim for relief under § 1983.  His proposed complaint appears to name a self-employed, non-state actor as the sole defendant. Court-appointment of a private individual, such as a physician, for a particular purpose is not sufficient to establish state action.  *Elmasri v. England*, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000); *see also Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983).  Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises plaintiff of his responsibility to research the facts and law before filing an action to determine whether his action is frivolous.  If he files a frivolous action, he may be sanctioned.  *See* Fed. R. Civ. P. 11.  If plaintiff files numerous frivolous or malicious actions, the court has the authority to bar him from proceeding on an IFP basis in the future. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order

REPORT AND RECOMMENDATION
PAGE – 2

01 requirements).

## III. CONCLUSION

Because of the deficiencies in plaintiff's complaint, this case should be DISMISSED without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).[1] As a result, plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is DENIED as moot. A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an amendment to his complaint, he should lodge an amended complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 16th day of January, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend at this time. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Nevertheless, plaintiff will have the opportunity to address the above-outlined deficiencies by way of an objection to this Report and Recommendation.